IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NORMAN LEE McQUIRTER  #156736**                                                       **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:13cv1004-LG-JMR**

**CAPT. UNKNOWN YOUNG;**
**OFFICER UNKNOWN MAYS;**
**OFFICER UNKNOWN LOWHAM; and**
**WARDEN FRANK SHAW**                                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*, due to the failure of the plaintiff, Norman Lee McQuirter [McQuirter], to comply with the Court's Order [22] to Show Cause. McQuirter filed his Complaint on February 21, 2013, alleging that he was stabbed several times when the cell doors were left unlocked and several inmates were able to approach McQuirter. [1, pp. 1-3.] He sought dismissal of the officers involved in the incident and compensatory damages as relief. [1, p. 4.]

On March 18, 2014, a Show Cause order was issued to McQuirter, at his address of record, in which he was advised that he was responsible for updating his address and prosecuting his case. [22, p. 2.] The order advised McQuirter that if the instructions outlined in the order were not followed, this case may be dismissed as provided for in the Federal Rules of Civil Procedure. [22, p. 2.] To date, McQuirter has failed to respond to the Court's Order to show cause.

Federal Rule of Civil Procedure 41 (b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion

of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*per curiam*) (addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing the district court's Rule 41(b) discretion).

Based on the foregoing, this Court is of the opinion that McQuirter's failure to reply to the Court's order is indicative of a lack of interest in pursuing this case which delays the expeditious resolution of other cases. In addition, McQuirter has failed to show cause why this case should not be dismissed, as ordered by this Court on March 18, 2014. This is the second such order to issue in this case. [9, 10.] Therefore, this Court recommends that this cause should be dismissed without prejudice for failure to prosecute.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than May 20, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to

proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was sent to McQuirter at his last known address by certified mail, return receipt requested.

This the 6th day of May, 2014.

                                                                                                                       s/ John M. Roper, Sr.
                                              CHIEF UNITED STATES MAGISTRATE JUDGE