### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

NORMAN LEE MCQUIRTER                                                    PLAINTIFF

v.                                                    CAUSE NO. 3:13CV1004-LG-JCG

CAPT. UNKNOWN YOUNG;
OFFICER UNKNOWN MAYS;
OFFICER UNKNOWN LOWHAM; and
WARDEN FRANK SHAW                                                      DEFENDANTS

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DISMISSING ACTION WITHOUT PREJUDICE

This cause comes before the Court on the [23] Report and Recommendation of

Chief United States Magistrate Judge John M. Roper.[1]  On February 21, 2013, the

plaintiff filed a Complaint against the defendants alleging that while he was in

prison, he was stabbed when the cell doors were left unlocked and several inmates

were able to approach him.  He claims that the defendant officers did nothing to

stop the attack and that defendant Warden Shaw improperly trained these

individuals.

The Magistrate Judge issued multiple Orders to Show Cause with respect to

the plaintiff's failure to comply with Court Orders, including reminding the plaintiff

of his obligation to inform the Court of any address change.  On March 18, 2014,

after the Court made an attempt to schedule an omnibus hearing but was informed

that the plaintiff had been released from prison, the Magistrate Judge issued a final

Order to Show Cause, stating that "[b]y choosing not to provide the court with his

---

[1] This case was reassigned to Magistrate Judge John C. Gargiulo by Order of
this Court dated August 5, 2014.

current address, plaintiff has failed to prosecute this case diligently." (Order 2, ECF No. 22). The Magistrate Judge gave the plaintiff 15 days to "file a written response, showing cause why this case should not be dismissed for failure to prosecute." (*Id.*). The plaintiff did not do so. The Magistrate Judge then issued his Report and Recommendation recommending that this cause be dismissed without prejudice for failure to prosecute. The plaintiff has never filed an objection or otherwise responded to the final Order to Show Cause or the Report and Recommendation.

Where, as here, no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court is of the opinion that the Report and Recommendation is neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 41(b); *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) ("A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)."); *see also Wade v. Farmers Ins. Group*, 45 Fed. App'x 323, *1 n.12 (5th Cir. 2002) (noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [23] Report

2

and Recommendation of United States Magistrate Judge John M. Roper entered in this cause should be, and hereby is, adopted as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2014.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE